UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
CHASHA KUZECKI and FRAIDY RINGEL
on behalf of themselves and all
others similarly situated

                              Plaintiffs,

      -against-

ALLIED INTERSTATE, INC.

                              Defendant.
-------------------------------------------------------

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiffs seek redress for the illegal practices of Allied Interstate, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### Parties

2. Plaintiffs are citizens of the State of New York and reside in this District.

3. Plaintiffs are a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiffs is a consumer debt, purportedly owed to Verizon.

4. Upon information and belief, Allied Interstate, Inc. is an Ohio corporation which maintains an office for collection of debts in Columbus, Ohio.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Chasha Kuzecki and Fraidy Ringel*

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiffs.

10. On or about February 14, 2011 defendant sent plaintiff Kuzecki a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. On or about May 24, 2011 defendant sent plaintiff Ringel a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12. Said letters state in pertinent part as follows: "Our client VERIZON may report information about your account to the credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your Credit Report."

13. Upon information and belief, said language threatens various actions a portion of which the defendant does not engage.

14. Upon information and belief, the defendant merely lists the fact that the debt is in collection.

2

15. Upon information and belief, the Guidelines under which Verizon operates, does not afford it the opportunity to report in the fashion it threatens.

16. Upon information and belief, the defendant does not list late payments or missed payments.

17. Defendant's letter is in violation of 15 U.S.C. §§ 1692e(5), 1692e(8) and 1692e(10) for providing false credit information and for engaging in deceptive practices.

18. In addition to the foregoing, plaintiff Kuzecki received a telephonic message from the defendant dated March 23, 2011.

19. The pre-recorded message stated as follows: "Call 1-866-578-4773 and a representative will be able to assist you. Once again that number is 1-866-578-4773. Thank you.

20. The message failed to state that the message was from a debt collector or concerning a debt.

21. The defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(11) and 1692e(10) for failing to disclose it was calling concerning the collection of a debt and for engaging in false threats and deceptive practices.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiffs on behalf of themselves and the members of a class, as against the defendant.*

22. Plaintiffs restate, reallege, and incorporates herein by reference, paragraphs 1-21 as if set forth fully in this Cause of Action.

23. This cause of action is brought on behalf of plaintiffs and the members of a class.

24. The Class consists of consumers who received the same form letter, as did the plaintiffs.

25. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiffs on or about February 14, 2011 and May 24, 2011 sent within one year prior to the date of the within complaint up until the date of the filing of the complaint; (b) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Verizon; and (c) the collection letter was not returned by the postal service as undelivered (d) and that the letter contained violations of 15 U.S.C. §§ 1692e(5), 1692e(8) and 1692e(10).

26. A sub-class exists for those members who received the unlawful recorded message.

27. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters and telephonic messages are at the heart of this litigation and are mass-mailed form letters and pre-recorded messages, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiffs will fairly and adequately represent the class members' interests. The plaintiffs have retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

29. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

30. If the facts are discovered to be appropriate, the plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

31. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## *Violations of the Fair Debt Collection Practices Act*

32. The defendant's use of the language violates the Fair Debt Collection Practices Act.

33. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiffs and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiffs, respectfully request that this Court enter judgment in their favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
June 21, 2011

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiffs**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

6